## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| ANTONE HASTINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:11-cv-00003 |
| | ) | |
| CITY OF LEBANON, TENNESSEE, and | ) | Judge Trauger |
| DAVID McKINLEY, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER CONCERNING
### MOTIONS FOR SUMMARY JUDGMENT

The defendants have each filed a Motion for Summary Judgment (Docket Nos. 38 (City

of Lebanon) and 43 (David McKinley)), to which the plaintiff, Antone Hastings, has not

responded.[1] For the reason stated herein, both motions will be granted and this case will be

dismissed.

### BACKGROUND

Hastings' Complaint asserts claims relating to a January 3, 2010 incident involving him

and defendant David McKinley, a police officer with the Lebanon Police Department. In

substance, Hastings alleges that McKinley unjustifiably and forcibly restrained him in the

---

[1]Hastings was originally represented by counsel. After requesting an extension of time to
respond to the defendants' motions and receiving extensions from the defendants concerning
deadlines for Hastings' responses to outstanding discovery requests, counsel for Hastings filed a
motion to withdraw as counsel (Docket No. 53). In the motion, he stated that, without informing
his counsel, Hastings had moved, changed telephone numbers, and ceased communicating with
counsel. The court granted the motion and afforded Hastings until May 18, 2014 to respond to
the pending motions. (Docket No. 54.) The court's communications were returned as
undeliverable and Hastings did not respond to the pending motions.

parking lot of a store located in Lebanon, Tennessee, arrested him without probable cause, presented false information to a judicial commissioner to support a finding of probable cause, and committed perjury at a preliminary hearing concerning his crimes. He asserts claims against Officer McKinley for constitutional violations under 42 U.S.C. § 1983 (detaining him without reasonable suspicion, arresting him without probable cause, and falsifying information and/or committing perjury to establish probable cause), false imprisonment, and assault and battery. He also asserts a claim against the City of Lebanon (the "City") for deliberate indifference under 42 U.S.C. § 1983. Both defendants have moved for summary judgment, supported by separate Memoranda of Law and associated Statements of Undisputed Material Facts. Because Hastings has not responded to those statements, the court takes those stated facts to be admitted.

On January 3, 2010, Officer McKinley was aware of a notice to "be on the lookout" for a suspected criminal of a particular height and weight. Officer McKinley saw Hastings, who matched the description, speaking on a pay phone. After he approached Hastings and asked for identification, Hastings refused to provide identification, despite multiple requests. In response to an inquiry from Officer McKinley, Hastings admitted that he possessed a weapon. After admitting that he had a weapon, Hastings moved his hand toward his pocket and backed away from Officer McKinley, placing Officer McKinley in fear for his life. Officer McKinley grabbed Hastings' arm and attempted to handcuff him, but Hastings resisted. Officer McKinley was unable to subdue Hastings without the use of pepper spray, which he used to force Hastings' arrest.

On September 14, 2010, a Wilson County Grand Jury indicted Hastings for (1) assaulting Officer McKinley in violation of Tenn. Code Ann. § 39-13-101(a)(2), and (2) resisting arrest in

violation of Tenn. Code Ann. § 39-16-602.  On March 20, 2012, Hastings pleaded guilty to both

charges.

**SUMMARY JUDGMENT STANDARD**

Rule 56 requires the court to grant a motion for summary judgment if "the movant shows

that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law."  Fed. R. Civ. P. 56(a) (2014).  At the summary judgment stage, the moving party

bears the initial burden of identifying those parts of the record that demonstrate the absence of

any genuine issue of material fact.  *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir.

2009); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265

(1986).  However, if the moving party seeks summary judgment on an issue for which it does not

bear the burden of proof at trial, the moving party may meet its burden by showing that there is

an absence of evidence to support the non-moving party's case.  *Id.* (citing *Celotex*, 477 U.S. at

325).  "When the moving party has carried this burden, 'its opponent must do more than simply

show that there is some metaphysical doubt as to the material facts.'"  *Id.* (quoting *Matsushita*

*Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d

538 (1986).)  The non-moving party also may not rest upon its mere allegations or denials of the

adverse party's pleadings, but rather must set forth specific facts showing that there is a genuine

issue for trial.  *Id.*

At this stage, "'the judge's function is not . . . to weigh the evidence and determine the

truth of the matter, but to determine whether there is a genuine issue for trial.'"  *Moldowan*, 578

F.3d at 374 (quoting *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L.

Ed. 2d 202 (1986)).  "In evaluating the evidence, the court must draw all inferences in the light

most favorable to the nonmoving party." *Moldowan*, 578 F.3d at 374 (citing *Matsushita*, 475

U.S. at 587). But "[t]he mere existence of a scintilla of evidence in support of the non-moving

party's position will be insufficient," *Moldowan*, 578 F.3d at 374 (quoting *Anderson*, 477 U.S. at

252), and the non-movant's proof must be more than "merely colorable." *Anderson*, 477 U.S. at

249. An issue of fact is "genuine" only if the record taken as a whole could lead a rational trier

of fact to find for the non-moving party. *Moldowan*, 578 F.3d at 374 (citing *Matsushita*, 475

U.S. at 587).

## ANALYSIS

### I.      Constitutional Claims

To prove his constitutional claims against the Officer McKinley and the City, Hastings

must show an underlying violation of his constitutional rights. *See City of Los Angeles v. Heller*,

475 U.S. 796, 799 (1986). However, "[i]t has been long settled that the finding of an indictment,

fair upon its face, by a properly constituted grand jury, conclusively determines the existence of

probable cause for holding the accused to answer." *Barnes v. Wright*, 499 F.3d 709, 716 (6th

Cir. 2006). Furthermore, where a plaintiff had a "reasonable and fair opportunity to litigate his

claim of illegal arrest," he is precluded from later asserting that the arresting police officer did

not have probable cause to arrest him under 42 U.S.C. § 1983. *Walker v. Schaeffer*, 854 F.2d

138, 142 (6th Cir. 1998); *see also Daubenmire v. City of Columbus*, 507 F.3d 383, 389-390 (6th

Cir. 2007); *Mason v. Louisville Police Dep't*, 8 F. App'x 327 (6th Cir. 2001). Accordingly, "the

existence of probable cause for an arrest totally precludes any section 1983 claim for unlawful

arrest, false imprisonment, or malicious prosecution." *Watson v. City of Marysville*, 518 F.

App'x 390, 392 (6th Cir. 2013) (quoting *Mark v. Furay*, 769 F.2d 1266, 1269 (7th Cir. 1985));

*see also Scott v. City of Bexley*, 11 F. App'x 514, 516-17 (6th Cir. 2001).

Here, Hastings' constitutional claims are premised on the assumption that Officer McKinley lacked a reasonable suspicion to detain him and/or lacked probable cause to arrest him on January 3, 2010. Because of the indictment and Hastings' plea of guilty to the charges contained therein – in which he expressly and knowingly waived his right to challenge and defend the charges – he is precluded from challenging probable cause here as to his § 1983 claims. Therefore, Hastings' § 1983 claims against Officer McKinley and the City must fail as a matter of law.[2] Having found that there was no underlying constitutional violation, the court need not conduct a qualified immunity analysis.

## II.     Tennessee State Law Claims Against Officer McKinley

To show false imprisonment under Tennessee law, a plaintiff must show that (1) he was restrained against his will by a defendant, and (2) the restraint or detention was unlawful. *See Bryant-Bruce v. Vanderbilt Univ., Inc.*, 974 F. Supp. 1127, 1145 (M.D. Tenn. 1997) (citing *Newsom v. Thalhimer Bros, Inc.*, 901 S.W.2d 365, 367 (Tenn. Ct. App. 1995)). With respect to the second element, "false imprisonment requires that the defendant must have acted without probable cause." *Brown v. SCOA Indus., Inc.*, 741 S.W.2d 916, 920 (Tenn. Ct. App. 1987). Here, for the same reasons that Hastings is precluded from challenging probable cause relative to his § 1983 claim, he is similarly precluded from challenging probable cause relative to his false

---

[2]Among other things, Hastings alleged that Officer McKinley knowingly submitted a false affidavit and/or perjured himself to support a finding of probable cause by the judicial commissioner at a preliminary hearing and by the grand jury. Hastings' plea of guilty precludes him from continuing to contest the constitutionality of Officer McKinley's testimony. Regardless, Hastings has not presented any evidence supporting his claim that Officer McKinley made false statements. Also, although Hastings brought a Tennessee claim for assault and battery, he did not explicitly assert an excessive force claim against Officer McKinley.

imprisonment claim. Therefore, his false imprisonment claim against Officer McKinley fails as a matter of law.

Finally, the assault and battery claim against Officer McKinley also fails as a matter of law. Under Tennessee law, a cause of action for assault and battery can be proven where an officer has caused damage by an excessive and unprovoked use of force. *City of Mason v. Banks*, 581 S.W.2d 621, 626 (Tenn. 1979); Restatement (Second) of Torts § 71 (1965). In the same vein, Tennessee law "provides qualified or good faith immunity of government employees for state law torts," including assault and battery claims. *Willis v. Neal*, 247 F. App'x 738, 745 (6th Cir. 2007) (citing *Rogers v. Gooding*, 84 F. App'x 473, 477 (6th Cir. 2003); *Youngblood v. Clepper*, 856 S.W.2d 405, 407-08 (Tenn. Ct. App. 1993)). Ultimately, a police officer is "privileged to use only that force necessary to effect the arrest and [is] liable for the amount of the force that is excessive." *Mason*, 581 S.W.2d at 626. Here, in the incident in question, Hastings refused to be identified, admitted to having a weapon, made a move towards that weapon that placed Officer McKinley in fear of serious bodily harm, and actively resisted Officer McKinley's attempts to restrain him. Indeed, Hastings ultimately admitted, in his criminal case, that he resisted arrest and assaulted Officer McKinley. Even construing the facts in the light most favorable to Hastings, the court finds that there is no genuine dispute that Officer McKinley used an amount of force reasonable and necessary to effectuate his arrest of Hastings. Therefore, Officer McKinley is not liable to Hastings for assault and battery under Tennessee law.

## CONCLUSION

For the reasons stated herein, the City's Motion for Summary Judgment (Docket No. 38)

is **GRANTED**, Officer McKinley's Motion for Summary Judgment (Docket No. 43) is

**GRANTED**, and all of the plaintiff's claims are hereby **DISMISSED**. Entry of this

Memorandum and Order shall constitute judgment in the case.

It is so **ORDERED**.

Enter this 22nd day of May 2014.

_____
ALETA A. TRAUGER
United States District Judge